UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| BMC Industries, Inc., | Case No. 04-43515 |
| Vision-Ease Lens, Inc., and | Case No. 04-43516 |
| Buckbee-Meers Medical Technologies, LLC | Case No. 04-43517 |
| | Jointly Administered |
| Debtors. | |

_____

Frank Kundrat and Gerald Becker,

        Appellants,

v.                                                                                                  Case No. 05-2590 (JNE)
                                                                                                                             ORDER

BMC Industries, Inc., Vision-Ease Lens, Inc.,
Deutsche Bank Trust Company Americas,

        Appellees.

_____

Douglas Elsass, Esq., and Ryan Strom, Esq., Fruth, Jamison & Elsass, P.A., appeared for Appellants Frank Kundrat and Gerald Becker.

Ryan T. Murphy, Esq., Fredrikson & Byron, P.A., appeared for Appellees BMC Industries, Inc., and Vision-Ease Lens, Inc.

Megan Blazina, Esq., Foley & Mansfield, P.L.L.P., appeared for Appellee Deutsche Bank Trust Company Americas.

_____

        This matter is before the Court pursuant to Frank Kundrat and Gerald Becker's (collectively, Appellants), appeal from the United States Bankruptcy Court for the District of Minnesota's August 23 and September 28, 2005 Orders.[1] For the reasons set forth below, the Court reverses the decision of the bankruptcy court and remands the case for further proceedings

---

[1] This Court has jurisdiction to hear appeals from final judgments, orders, and decrees entered by the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1), (c)(1)(A) (2000).

1

not inconsistent with this opinion.

## I.   BACKGROUND

Becker was employed by Vision-Ease Lens, Inc. (Vision-Ease). His employment was terminated, and, on December 5, 2002, he commenced an action asserting employment law claims against Vision-Ease. Kundrat represented Becker in that lawsuit. In April 2004, the parties reached a settlement. Under the terms of the settlement, Vision-Ease, a subsidiary of BMC Industries, Inc. (BMC), agreed to pay $125,000 in exchange for a release of Becker's claims. The settlement amount was to be paid in three divisible payments: (1) Becker in the amount of $37,500, from which BMC was to deduct withholding taxes; (2) Becker in the amount of $37,500, and (3) Kundrat in the amount of $50,000.

On June 2, 2004, Vision-Ease's insurance carrier issued a check payable to BMC in the amount of $100,000 to cover the settlement. The check indicated that it was "PAYMENT FOR Gerald Becker." On June 8, 2004, BMC deposited the check into BMC Account No. 0791877 of Lockbox 73761 at Bank One (Lockbox Account). In accordance with BMC and Vision-Ease's cash management system, the funds were then transferred to BMC Account No. 59-49599 at Bank One (Concentration Account) on June 9, 2004.

Also on June 9, 2004, Becker and Kundrat executed the Settlement Agreement. After executing the Settlement Agreement on June 15, 2004, BMC sent to Kundrat the three settlement checks as called for under the Settlement Agreement. Kundrat attempted to negotiate his check on June 22, 2004. The next day, Becker attempted to negotiate his two checks.

Vision-Ease and BMC (collectively, Debtors) filed petitions under Chapter 11 of the United States Bankruptcy Code on June 23, 2004. As a result of the filings, the checks issued to Appellants were dishonored. Later, Appellants commenced this adversary proceeding. In the

2

Complaint, Appellants sought a declaration that the proceeds of the $100,000 check issued to Debtors under their liability insurance policy were not property of the bankruptcy estate. They also sought imposition of a constructive or resulting trust on those funds.

This case comes to the Court on appeal from an Order and Judgment entered on August 23, 2005, by the bankruptcy court in favor of Debtors and intervenor Deutsche Bank Trust Company Americas (Deutsche Bank) (collectively, Appellees) after a court trial, and from an Order dated September 28, 2005, denying Appellant's Motion to Amend or Make Additional Findings of Fact and Alter or Amend the Judgment. The bankruptcy court declined to reach the issue of whether the funds were property of the bankruptcy estate and determined that Appellants were not entitled to imposition of a constructive or resulting trust because they failed to proffer sufficient evidence of traceable funds upon which a constructive or resulting trust could be imposed.

## II.   DISCUSSION

The court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo. *See First Nat'l Bank of Olathe, Kan. v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). In this case, the Court is asked to determine whether Appellants have made the requisite showing for imposition of a constructive trust.[2] The parties agree that Minnesota law governs this question.[3] *See Ferris, Baker Watts, Inc. v. Stephenson* (*In re MJK Clearing, Inc.*), 371 F.3d 397, 401 (8th Cir. 2004) ("State law governs the resolution of property rights within a bankruptcy proceeding.").

---

[2]   Appellants' statement of issues limits the Court's review to whether the bankruptcy court erred by declining to impose a constructive trust in their favor. Appellants do not ask the Court to review the bankruptcy court's determination that imposition of a resulting trust would be inappropriate in this case.

[3]   Debtors also argue that there is a bankruptcy overlay that must be considered in this case. *See Shubert v. Jeter* (*In re Jeter*), 73 F.3d 205, 207 (8th Cir. 1996).

Under Minnesota law, a party seeking to impose a constructive trust must demonstrate that such a trust is necessary and appropriate by clear and convincing evidence. *Ramette v. Digital River, Inc.* (*In re Graphics Tech., Inc.*), 306 B.R. 630, 636 (B.A.P. 8th Cir. 2004); *In re MJK Clearing, Inc.*, 371 F.3d at 401. Specifically, the party seeking to impose the trust "must point to 'some specific property identified as belonging, in equity and conscience, to the plaintiff.'" *Chiu v. Wong*, 16 F.3d 306, 309 (8th Cir. 1994) (quoting *Rock v. Hennepin Broad. Assocs., Inc.*, 359 N.W.2d 735, 739 (Minn. Ct. App. 1984)). "[T]he reclaiming party must be able to definitively trace its property." *In re Graphics Tech., Inc.*, 306 B.R. at 635. To trace assets in an account, Minnesota courts employ the lowest intermediate balance test. *See id.* Under that test, "[s]hould the amount on deposit be reduced below the amount of the trust fund but not depleted, the claimant is entitled to the lowest intermediate balance in the account." *In re MJK Clearing, Inc.*, 371 F.3d at 402 (quotations omitted).

In this case, the bankruptcy court declined to impose a constructive trust because it concluded that Appellants failed to demonstrate that, as of the date of trial, there was any *res* on which to impose a constructive trust. In fact, the bankruptcy court concluded that Appellants failed to come forward with any evidence of the status of the Concentration Account or the funds therein, if any, at any time after June 30, 2004. Appellants maintain the bankruptcy court erred in several respects. First, Appellants maintain that they were only required to trace the funds in the Concentration Account up to the date of the bankruptcy petition filing, not through the time of trial. Second, Appellants maintain that even if they were required to trace the funds up to the time of trial, they were entitled to a presumption that the $100,000 remained in the Concentration Account in the absence of any evidence to the contrary. Finally, Appellants maintain that even if they were required to trace the funds to the time of trial and were not entitled to any

presumption, the bankruptcy court's determination that they failed that burden is clearly erroneous.

The Court turns first to Appellants' contention that the bankruptcy court erred when it concluded that Appellants were required to trace the trust funds through the time of trial to be entitled to a judgment of $100,000. According to Appellants, they were only required to trace the proceeds through the date the bankruptcy petition was filed. The Court disagrees. Minnesota law requires that a party seeking imposition of a constructive trust trace the funds "into an identified product or property *currently in* [the debtor's] estate." *In re MJK Clearing, Inc.*, 371 F.3d at 401 (emphasis added) (quotations omitted); *Rock*, 359 N.W.2d at 739 ("A constructive trust does not arise unless there is property on which the trust can be fastened, and the property is held by the person to be charged as constructive trustee."). Accordingly, insofar as Appellants seek a judgment of $100,000, the bankruptcy court did not err in concluding that Appellants were required to trace the funds through the time of trial.[4]

The Court turns next to Appellants' contention that, under the facts of this case, Debtors bore the burden of producing evidence that the trust *res* had been depleted. According to Appellants, because Debtors had special access to such evidence and were asked to produce the relevant records during discovery and to testify to the relevant facts at trial but did not do so,

---

[4] The Court notes that, to the extent Appellants seek a declaration that the equitable interest in the funds was not property of the bankruptcy estate, their contention is well-taken. The property of a bankruptcy estate is established as of the date the petition for bankruptcy is filed. *See EBS Pension L.L.C. v. Edison Bros. Stores, Inc.*, (*In re Edison Bros., Inc.*), 243 B.R. 231, 240 n.4 (D. Del. 2000) ("The Debtors argue that we must determine whether the trust funds exist currently. However, the determination of what constitutes property of the estate is made as of the petition date."). Thus, if Appellants can trace the funds through the date of the bankruptcy petition filing and the remaining requirements for imposition of a constructive trust are satisfied, the funds are not part of the bankruptcy estate. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.10 (1983) ("We do not now decide the outer boundaries of the bankruptcy estate. We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."); *In re Edison Bros., Inc.*, 243 B.R. at 240 n.4.

5

Appellants were entitled to a presumption that the trust *res* continued to exist.  The Court agrees.  The Eighth Circuit Court of Appeals applied a similar presumption in *Fiman v. South Dakota*, 29 F.2d 776 (8th Cir. 1928).  In that case, the defendant argued that a constructive trust should not be imposed, in part, because the plaintiff had failed to satisfy its burden of proving that the trust funds still existed.  The court noted that the defendant could easily have shown that the trust funds had been dissipated, but did not produce any evidence to that effect.  Because "the true situation could have easily been disclosed, had [defendant] so desired," the Eighth Circuit rejected the defendant's argument.  *Id.* at 781.

In this case, as in *Fiman*, Debtors were in a position to come forward with evidence that the alleged trust funds in the Concentration Account had been dissipated.  Indeed, as the holders of the Concentration Account, they were in a unique position to do so.  Yet, when Debtor's CEO, Patrick Brennan—who testified that it was his "job to look at every account"—was asked at trial whether the amount in the Concentration Account had fallen below $100,000 at any point from June 2004 forward, he failed to provide a definitive answer.  The relevant trial testimony follows:

> Q   Okay, so you are acting, as I understand it from your counsel, as CEO of BMC [and] Vision-Ease . . . is that correct?
>
> A   That's correct, yes.
>
> Q   And I take it from your appearance here that you have been made aware of the purpose of today's proceeding, is that right?
>
> A   I have.
>
> Q   All right.  Are you familiar with the Debtors' bank accounts and bank account system?
>
> A   I am.
>
> . . . .

> Q        All right. Have you reviewed any particular bank account records relating to your appearance here today?
>
> A        Well, it's my job to look at every account.
>
> . . . .
>
> Q        Okay. And in looking at these balances [for the Concentration Account as of the June 2004 statement], you're not able to identify any end of day balance that ever fell below a hundred thousand dollars, are you?
>
> A        No.
>
> Q        Okay. And to your knowledge has the—this concentration account ever fallen below a hundred thousand dollars from the time period of June 2004?
>
> A        I don't know.

Under the circumstances of this case, the Court concludes that, to the extent Appellees maintain that imposition of a constructive trust is not appropriate because there is no *res* on which to impose such a trust, it is their burden to produce evidence to support their assertion. *See, e.g.*, *United States v. Santee Sioux Tribe*, 254 F.3d 728, 733 (8th Cir. 2001) ("In general, the law places the burden of proof on the party asserting a contention and seeking to benefit from this contention. Furthermore, when true facts relating to a disputed issue lie peculiarly within the knowledge of one party, it is fair to assign the burden of proof to that party." (citations omitted)); *Fleming v. Harrison*, 162 F.2d 789, 792 (8th Cir. 1947) ("[I]t has been established as a general rule of evidence that the burden of proof lies on the person who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant." (quotations omitted)); *see also Fiman*, 29 F.2d at 779 (noting that the legal presumption is that the trustee "regarded the law and neither paid out nor invested in other property the trust fund, but kept it sacred"). Because the bankruptcy court did not impose upon

Appellees the requisite burden of production, this case is remanded for a determination of whether Appellees satisfied their burden. If the bankruptcy court determines that Appellees did not satisfy their burden of production, the bankruptcy court will then have to determine whether Appellants have made the other required showings for imposition of a constructive trust. In so doing, the bankruptcy court shall consider to what extent the bankruptcy context of this case should affect the outcome of Appellants' request for relief.

### III.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, IT IS ORDERED THAT the bankruptcy court's August 23 and September 28, 2005, Orders are REVERSED and the matter is REMANDED to the bankruptcy court for further proceedings not inconsistent with this opinion.

Dated: August 29, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge